[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 8, 1994 Date of Application May 3, 1994 Date Application Filed May 5, 1994 Date of Decision November 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket Nos. 92-82257; 92-82258; 93-85103.
Joseph Dimyan, Esq., Defense Counsel, for Petitioner.
Patricia M. Gilbert, Esq., Assistant State's Attorney, for the State.
Sentence affirmed.
BY THE DIVISION:
The petitioner, who was 62 years of age at the time of sentencing entered pleas of guilty and was sentenced as follows:
D.N. 92-82258 — Sale of Narcotics — 21a-277 (a) (3 Counts)
D.N. 92-82257 — Possession of Narcotics with Intent to Sell — (§ 21a-277(a).
D.N. 93-85103 — Sale of Narcotics (§ 21 a-277(2).
In D.N. 92-82258, he was sentenced to 2 years on each Count, consecutive to each other (6 years).
In D.N. 92-82257, he was sentenced to 5 years Consecutive.
In D.N. 93-85103, he was sentenced to 5 years Consecutive.
The total effective sentence was 16 years.
At the time he entered his guilty pleas, he was aware the state would be seeking 5 years on each Count for a total of 25 years, but there was no agreement as to sentence.
The factual bases for these charges arose out of an investigation by local police and the Statewide Narcotics Task Force into the petitioner's cocaine trafficking.
In D.N. 92-82258, he made sales of cocaine to an undercover agent on May 21, 1992 ($220.); on May 26, 1992 ($110.); on May 29, 1992 ($110.)
These sales were initiated at "The Store", one of the petitioner's places of business, but were not necessarily consummated there.
In DN 92-82257, on July 2, 1992, a Search and Seizure warrant was executed at the petitioner's residence. Almost 5 ounces of cocaine was seized along with sundry materials used for packing and reselling the product.
Following his arrest on July 2, 1992 he applied for Suspension of Prosecution and an evaluation was done by the CADAC CT Page 14210 program in March, 1993. His application for Suspension of Prosecution was thereafter granted. Within several days Danbury police received a tip that a narcotics sale would be taking place at a parking lot in Danbury. The "buyer" was a confidential informant. The "buyer" was wired to record his conversation and on April 26, 1993, the petitioner made the cocaine sale for $850. He also told the "buyer" that he couldn't leave the State but the "buyer" could call him and they would meet in Connecticut.
This last incident resulted in the termination of the suspension of prosecution and was the factual basis for the charge in D.N. 93-85103.
His attorney claims the sentences are disproportionate, that it would be more logical to run the sale counts concurrently and that a sentence of 7 years would be more appropriate. He points out the petitioner has no prior criminal record and has supportive family. Further, that a 16 year sentence could be a life sentence in view of the petitioner's age. He also posits that the petitioner, while having been granted the CADAC program had not yet had time to be admitted to a treatment facility when he committed the newest offense.
The petitioner states he committed these crimes only because he is drug-dependent and that otherwise he would not have done so.
The State's Attorney points out that he was not a trivial dealer, and that she believes the 25 year sentence she recommended was reasonable under the facts of this case.
The crimes for which the petitioner was sentenced carry maximum penalties of 15 years each or 75 years in total. The sentencing court was aware of the petitioner's background as a successful business man, his military history and his lack of a criminal record.
On the other side of the ledger, however, is his persistent drug trafficking, with all the societal malevolence which is a by-product of that illicit trade including thefts, territorial fights, killings and the destruction of families and communities.
The petitioner is not deprived. He had businesses, a home and material things. He had cocaine available for his own use and he was able to function deliberately, efficiently and coherently. CT Page 14211 His addiction did not seem to destroy his ability to act rationally or to conform his conduct.
He was selling in multiples of hundred of dollars and even after receiving the benefit of an alternative program for multiple sales and possession with intent to sell of thousands of dollars worth of cocaine, evinced his contempt and disregard for our laws, law enforcement and judicial system. His actions and statements of April 26, 1993 show the imperative of incarceration for this petitioner.
The sentencing court considered all these things. Indeed, it commented that it felt the 5 year recommended sentence for the latest crime was lenient.
The Division has carefully weighed the arguments of counsel and reviewed this sentence pursuant to the provisions of Practice Book § 942. We conclude that the deterrent, rehabilitative, denunciatory and public protection purposes are fairly met by the sentence imposed. We do not find it to be unreasonable or disproportionate.
Accordingly, it is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.